UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
JI HYUN LEE,

                    Plaintiff,

            -against-                            09 Civ. 1117 (LAK)

HOSPITAL FOR SPECIAL SURGERY,

                    Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM OPINION**

Appearances:

> Derek T. Smith
> AKIN & SMITH, LLC
> *Attorney for Plaintiff*

> David H. Diamond
> Gershon R, Smith
> PROSKAUER ROSE LLP
> *Attorneys for Defendant*

LEWIS A. KAPLAN, *District Judge.*

        This employment discrimination action is before the Court on defendant's motion to enforce an alleged settlement agreement.

*Facts*

The facts are straightforward.  Following the commencement of the action, the parties agreed to mediation before Joseph D. Garrison, Esq.   Following a full day of mediation, plaintiff agreed to settle the case for $60,000, and the parties agreed upon a host of other terms.  According to Mr. Garrison, "[a]fter the [p]arties agreed to these terms, [he] brought both parties (including the Plaintiff) into a conference room [and] . . . expressly confirmed with Plaintiff and the Hospital that the agreement reached at the Mediation was binding and enforceable, notwithstanding the fact that the agreement had not yet been reduced to writing, and [he] again reviewed the terms."[1]  "Plaintiff and the Hospital . . . expressly agreed that the terms of the settlement were binding and enforceable."[2]

Following the mediation, the lawyers for the parties worked out a written settlement agreement to which both agreed on May 19-20, 2009.  The defendant's human resources department requested the settlement check from accounting.  But on or about May 20, 2009, plaintiff evidently had a change of heart, told her lawyer that she was not satisfied with the outcome of the mediation, and fired him.[3]  Her counsel then moved for leave to withdraw, asserting that the case had been settled at the mediation, that he knew of no defense to the defendant's anticipated motion to enforce the settlement, and that he could not oppose such an application consistent with Rule 11.[4]  New

---

[1]     Garrison Decl. ¶ 11.

[2]     *Id.* ¶ 12.  *Accord,* Diamond Decl. ¶¶ 7-9.

[3]     Diamond Decl. ¶ 16.

[4]     O'Neill Mem. at 3; O'Neill Decl. ¶ 6.

3

counsel then appeared for plaintiff and seeks to proceed with the lawsuit.  Defendant moves to enforce the settlement.

Plaintiff, for her part, has submitted a very carefully drawn affidavit in which she states in relevant part only that:

> "3)      Following the mediation held on April 27, 2009, a settlement agreement was drafted, the terms of which were never finalized.
>
> "4)      I received a copy of the draft settlement agreement, but I never agreed to the terms of such settlement agreement.
>
> "5)      Most importantly, I never signed any such settlement agreement which I understand is a requirement for a binding settlement agreement."[5]

Thus, she does not deny that an oral settlement agreement was reached with the mediator on April 27, 2009, that the terms were as set forth in the declarations of the mediator and defense counsel, and that she expressly agreed that those terms were binding and enforceable.

*Discussion*

An oral settlement agreement is binding and enforceable when the parties agree to

---

[5]

Lee Aff. ¶¶ 3-5.

It should be noted that the terms of the written agreement are not quite identical in all respects with the oral agreement.  Thus, Ms. Lee's assertion that she "never agreed to the terms of such [draft] settlement agreement is not equivalent to stating that she never agreed to the oral settlement terms.

its terms with the intent to be bound, even where they contemplate a subsequent written agreement.[6]
Moreover, district courts are empowered to enforce such settlement agreements summarily,[7]
although the Court naturally assumes that an evidentiary hearing would be necessary if there were
a genuine issue as to a material fact.

   Here there is no genuine issue of material fact.  Plaintiff has not denied that a full and
complete agreement was reached at the mediation, that the terms were explained to her, and that she
then and there "expressly agreed that the terms of the settlement were binding and enforceable."  The
only question, then, is whether that was sufficient in law to give rise to a binding legal obligation.

   I am satisfied that it was.  A settlement agreement is a contract, no different in
principle from any other.  It arises once the parties reach complete agreement with the intention to
be bound.[8]  In this instance, that occurred at the mediation on April 27, 2009, when the mediator
reviewed the terms of the proposed settlement with plaintiff and the defendant and obtained their
agreement to its terms and to the proposition that the settlement was "binding and enforceable."

---

[6]
  *Hostcentric Techs., Inc. v. Republic Thunderbolt, LLC*, No. 04 Civ. 1621 (KMW), 2005
WL 1377853, at *4-5 (S.D.N.Y. June 9, 2005) (Peck, C.M.J.) (citing *Teachers Ins. &
Annuity Assoc. v. Tribune Co.*, 670 F. Supp. 491, 498 (S.D.N.Y. 1987) (Leval, J.)); *see
also, e.g., Delyanis v. Dyna-Empire, Inc.*, 465 F. Supp.2d 170, 174 (E.D.N.Y. 2006);
*Conway v. Brooklyn Union Gas Co.*, 236 F. Supp.2d 241, 251 (E.D.N.Y. 2002).

[7]
  *E.g., Meetings & Expositions, Inc. v. Tandy Corp.*, 490 F.2d 714, 717 (2d Cir. 1974).

[8]
  *See, e.g., Winston v. Mediafare Entertainment Corp.*, 777 F.2d 78, 80 (2d Cir. 1985).

  All of the *Winston* factors were satisfied here.  There was no express reservation of a right
not to be bound absent the execution of a written agreement; to the contrary, there was an
express intention to be bound.  The defendant partially performed when its human resources
department requested the drawing of the check.  All of the terms were agreed upon.  And
settlements of this character routinely are agreed upon in federal actions in this or like
manner.

Plaintiff attempts to avoid the inevitable here by reference to N.Y. CPLR § 2104 – which provides in substance and in relevant part that settlement agreements, save those made by counsel in open court, are enforceable only if in writing and signed – and *Ciaramella v. Reader's Digest Association, Inc.*[9]  Her argument is unpersuasive.

*Ciaramella*, it is true, noted that the Circuit never had resolved the question whether and when N.Y. CPLR § 2104 applies in federal court.[10]  Nevertheless, there is substantial reason to conclude that it does not apply in federal court at all[11] or, at least, in federal litigation that, like this one, arises under federal statutes.[12]  But it is unnecessary to decide that question here.

In *Alvarez v. City of New York*,[13] another member of this Court noted that CPLR §

---

[9]

131 F.3d 320 (2d Cir. 1997).

[10]

*Id.* at 322 n.1; *see also Powell v. Omnicon*, 497 F.3d 124, 129 n.1 (2d Cir. 2007) (noting that this issue remains unresolved); *Silas v. City of New York*, 536 F. Supp.2d 353, 355 (S.D.N.Y. 2008) (same).

[11]

*E.g., Grupo Sistemas Integrales De Telecomunicacion S.A. De C.V. v. AT&T Communications, Inc.*, No. 92 Civ. 7862 (KMW), 1994 WL 463014, at *3  n.1 (S.D.N.Y. Aug. 24, 1994).

[12]

*Kilcullen v. Metro North Commuter R.R. Co.*, No. 95 Civ. 6331 (CSH), 1998 WL 647171, at *7 n. 6 (S.D.N.Y. Sept. 22, 1998) (holding that § 2104 did not apply to case arising solely under federal law); *Willgerodt v. Hohri*, 953 F. Supp. 557, 560 n.1 (S.D.N.Y. 1997) (where jurisdiction based on federal statute, "[f]ederal rather than state law [regarding the determination of whether a settlement agreement is valid and enforceable] probably governs"); *see also Mone v. Park East Sports Med. & Rehabilitation, P.C.*, No. 99 Civ. 4990 (DFE), 2001 WL 1518263, at **4-5 (S.D.N.Y. Nov. 19, 2001) (questioning whether § 2104 would apply where jurisdiction based on federal statute; *but see Kingvision Pay-Per-View Corp., Ltd. v. Keane*, No. 02 Civ. 5173 (MDG), 2006 WL 1704474, at *2 n.1 (E.D.N.Y. June 16, 2006) (noting that the majority of district courts in the Second Circuit have found that § 2104 applies in a federal question case).

[13]

146 F. Supp.2d 327 (S.D.N.Y. 2001).

2104, as construed by the State courts, is not as rigid as its text first appears:

> "New York courts view the 'open court' requirement of CPLR § 2104 as a 'technical term that refers to the formalities attendant upon documenting the fact of the stipulation and its terms, and not to the particular location of the courtroom itself.' *Popovic v. New York City Health & Hosps. Corp.*, 180 A.D.2d 493, 579 N.Y.S.2d 399, 400 (1st Dep't 1992); *see also Willgerodt*, 953 F. Supp. at 560. Accordingly, an oral settlement agreement is enforceable so long as it is in 'substantial compliance' with § 2104. *See Monaghan [v. SZS 33 Assocs., L.P.]*, 73 F.3d [1276] at 1283 [2d Cir. 1996] (citing *Popovic*, 579 N.Y.S.2d at 400). Courts have found substantial compliance with § 2104 where (1) the court entered notice of the settlement in its calendar and computer records, *see Popovic,* 579 N.Y.S.2d at 400; (2) the settlement was reached on the record at a deposition or settlement conference, *see Willgerodt*, 953 F. Supp. at 560 and *Penn Columbia Corp. v. Cemco Resources, Inc.*, No. 88 Civ. 667 (SWK), 1990 WL 6555, at *3-4 (S.D.N.Y. Jan. 19, 1990); or (3) the settlement was reached at or following a settlement conference before the court, *see Foster,* 2000 WL 145927, at *2 n. 4."[14]

In this case, there was substantial compliance with CPLR § 2104.  It is undisputed that the settlement was reached at a mediation, the object of which was to resolve the pending litigation.  It is undisputed that the mediator placed the terms before both parties and secured their agreement both to the terms and to the proposition that the settlement was binding and enforceable. Both counsel thereafter succeeded in reducing the agreement to a mutually acceptable writing that confirmed both the existence and the material terms of the oral agreement, which in any case is not denied.  If, as courts have held, a settlement at a deposition or conference held on the record, and even a settlement reached without a record following a court conference, satisfies the "open court" requirement of Section 2104, *a fortiori* a settlement reached at a mediation in circumstances in which no one present has disputed either the making of the settlement or its terms does so as well

---

[14]   *Id.* at 338.

7

*Conclusion*

Accordingly, defendant's motion to enforce the settlement and for other relief is granted to the extent that (1) plaintiff's claim is dismissed with prejudice, (2) the Court declares that the parties have entered into a legally binding settlement agreement on the terms set forth in the declaration of the mediator, Mr. Garrison, and (3) the parties are directed to perform the agreement. It is denied in all other respects.

Defendant shall settle a judgment conforming to this decision no later than August 24, 2009.

SO ORDERED.

Dated:          August 10, 2009

_____

Lewis A. Kaplan
United States District Judge

(The manuscript signature above is not an image of the signature on the original document in the Court file.)